Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| REBECCA ANN WISOTSKY, ALEXANDRA LORRAINE WISOTSKY T/C/P ALEXANDRA WISOTSKY, HAROLD ALBERTO CHICÓN TEJEDA y OTROS<br>Peticionarios<br><br><br>v.<br><br><br>MIEMBROS DE LA SUCESIÓN DE CARLOS EDGAR CHICÓN CARRIÓN, CARLOS JUAN CHICÓN, JACINTO FONT CARRIÓN y OTROS<br>Recurridos | KLCE202400773 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2023CV05788<br><br>Sobre:<br>División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de septiembre de 2024.

a.

La parte peticionaria de epígrafe, (los peticionarios o parte peticionaria), recurre ante nosotros de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, (TPI), el 6 de junio de 2024. En el contexto de un pleito sobre liquidación de comunidad de bienes hereditarios, mediante dicho dictamen interlocutorio el foro recurrido denegó una solicitud presentada por la parte peticionaria para ordenar al Registrador de la Propiedad a inscribir unas particiones alícuotas adquiridas mediante escrituras públicas. Al así decidir, razonó el TPI que carecía de jurisdicción para conceder el remedio solicitado, en

tanto se trataba de un asunto que correspondía atender al Registrador de la Propiedad.

A raíz de dicha determinación los peticionarios instaron una *Moción de Reconsideración*, planteando, entre otras: que el asunto llevado a la atención del TPI era uno sobre liquidación de herencia y no de recalificación de asientos registrales; que la inscripción en el Registro de la Propiedad resultaba necesaria como paso previo a los herederos poder poner en venta el inmueble cuya inscripción se rogaba; la solicitud sobre inscripción estuvo basada en un requerimiento del propio Registro de la Propiedad; el proceso de venta de la propiedad se encuentra en etapa avanzada.

Mediante fundamentada *Orden* de 24 de junio de 2024, el TPI declaró *Sin Lugar* la referida *Moción de Reconsideración*. Al denegar el petitorio de reconsideración el foro recurrido consignó lo siguiente:

> Ordinariamente, cuando se interesa traspasar algún inmueble de una herencia se requiere para efectos del tracto que primero se inscriban los derechos hereditarios como cuota alícuota. Esto puede ocurrir en el contexto de una ejecución de gravamen, u otros. La Regla 134.1 del Reglamento General para Ejecución de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado permite obviar esa inscripción previa de los derechos hereditarios de ciertos casos. La mencionada Regla 134.1 no contempla el remedio solicitado en este caso a las Entradas 39 y 41 ("Resolución a los efectos de que la participación sobre la propiedad que consta a favor de Don Manuel de Jesús Carrión Torres y Emilio Carrión Torres sea inscrita a favor de Georgina Carrión Torres, en virtud a los negocios jurídicos llevados a cabo, mediante escrituras públicas"). El TPI no puede arrogarse la facultad de calificar los instrumentos públicos para que accedan al Registro de la Propiedad[1].

Inconformes, los peticionarios instaron el recurso de certiorari ante nuestra consideración, levantando el siguiente señalamiento de error:

> *Erró el TPI al declarar Sin Lugar la solicitud de orden y mandamiento dirigido a la Registradora de la Propiedad de San Juan I a tenor con la Regla 134.1 del Reglamento General para la Ejecución del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado, así como del (sic) la Ley de Registro Artículos 134 y 135.*

---

[1] Anejo 1 del recurso de *certiorari*, pág. 1.

Examinado el asunto presentado por la parte peticionaria, juzgamos innecesario requerir la comparecencia de los recurridos para oponerse, en su defecto, procedemos a disponer del asunto sin mayor dilación.

b.

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction,* supra*,* pág. 711. El concepto discreción implica la facultad de elegir entre diversas opciones. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Claro, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Municipio Autónomo de Caguas v. JRO Construction,* supra*,* págs. 711-712; *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por vía de excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos

relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En virtud de lo anterior, para poder ejercitar debidamente nuestra facultad revisora sobre un caso, primeramente, debemos determinar si el asunto del cual se recurre se encuentra dentro de alguna de las materias contempladas en la Regla 52.1, *supra*. De ser así, entonces procede evaluar si a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, se justifica nuestra intervención. Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada, es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró,* supra.

Además, nuestro máximo Foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001). Cónsono con ello, el mismo alto foro ha advertido que nuestro ordenamiento jurídico desfavorece la revisión de las determinaciones interlocutorias. *Medina Nazario v. Mcneil Healthcare LLC*, supra, pág. 730. Además, en su mayor parte, las determinaciones interlocutorias pueden esperar hasta la conclusión final del caso para ser revisadas en apelación, conjuntamente con la sentencia dictada en el pleito. *IG Builders et al. v. BBVAPR,* supra, pág. 336.

c.

Hemos evaluados los planteamientos esgrimidos por los peticionarios, y decidido denegar expedir el recurso de *certiorari* solicitado por dos razones: (1) la controversia planteada no encuentra cabida en algunas de las circunstancias excepcionales comprendidas en la Regla 52.1 de Procedimiento Civil citada, que nos habilitarían para intervenir

con el dictamen interlocutorio; (2) apreciamos ausencia de pasión, prejuicio, parcialidad o error manifiesto en la *Resolución* recurrida.

Con respecto al primero de los asuntos enumerados, al aludir a la Regla 52.1 de Procedimiento Civil, *supra,* en su recurso de *certiorari* la parte peticionaria citó la sección de esta que permite nuestra intervención *cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo[2].* Tal alusión resulta desacertada pues, simplemente, no estamos ante una solicitud de remedios provisionales u orden de entredicho provisional, (Reglas 56 y 57 de Procedimiento Civil, respectivamente, 32 LPRA Ap. V.), ni mucho menos una moción dispositiva, (moción de desestimación o de sentencia sumaria, por ejemplo). A renglón seguido, en su recurso de *certiorari* los peticionarios consideraron asuntos atinentes a la Regla 40 de nuestro Reglamento, *supra,* pero sin haber superado propiamente el obstáculo procesal que supone la Regla 52.1 aludida, por la ya dicho. Es decir, resultaba necesario que la parte peticionaria lograra demostrar primero en cuáles de las excepciones identificadas por la Regla 52.1, *supra,* ubicaba esta controversia, como justificante de nuestra intervención, antes de discutir consideraciones sobre el cumplimiento con la Regla 40 de nuestro Reglamento, pero tal paso previo no fue superado en este caso.

En cualquier caso, según fue identificado como la segunda razón para denegar, tampoco apreciamos que se justifique nuestra intervención con la *Resolución* recurrida, pues no logramos identificar que en dicho dictamen interviniera la pasión, el prejuicio, la parcialidad o el error manifiesto que nos colocaría en posición de revertir un dictamen interlocutorio.

De conformidad, solo cabe *Denegar.*

---

[2] Recurso de *certiorari*, pág. 16.

**Parte Dispositiva**

Según advertido, hemos decidido *Denegar* la expedición del recurso de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones